Gulf, Beaumont & Great Northern Railway Company v. F. R. Tucker et al.

Decided February 2, 1905.

**Railways—Right of Way—Gates—Injury to Crops.**

In order that the owner of land, over which a railway has a right of way, may recover of the company for depredation upon his crops growing on the land by stock entering through a gate where the road left the inclosure, he must show that the stock entered through the negligence of the company's servants in leaving the bars down, and not through the negligence of some one of the general public who used the gate.

Appeal from the District Court of San Augustine. Tried below before Hon. Tom C. Davis.

*J. W. Terry* and *Duff & Duff*, for appellant.

No briefs for appellee.

GILL, Associate Justice.—This suit was brought by F. R. Tucker, the owner, and Page Cartwright, the tenant, of certain farm lands, to recover of the railway company damages for the destruction of crops through the alleged negligence of the company while constructing its road through appellee's enclosure. The crops were alleged to have been damaged by cattle which entered at openings alleged to have been left by the company.

A trial by jury resulted in a verdict and judgment for plaintiff, and the company has appealed.

Tucker was the owner of an enclosure through which the company owned a right of way, and over and through which it constructed its road. Page was a tenant of Tucker, and had planted crops in the enclosure. When the company entered the enclosure it constructed drawbars at the opening made, which could be taken down and put up by those wishing to enter or leave. At the opening made at the opposite side of the field it placed wire which effectively closed it. At this point the plaintiff placed a gate, and he complains that through this gate the cattle entered and caused the damage.

Appellant contends that there is no evidence in the record that, through the negligence of any of its employes, the gate was left open. It does not seem to have been contended by appellees that it was the duty of the company to stand guard at this gate to see that it was duly closed after the entry or egress of all who chose to use it, and clearly, such a contention would have been untenable.

The facts, as disclosed by one of the plaintiffs, show that the entire neighborhood used the gate as a passageway, and it is not shown that, by the fault of any of the railway employes, the cattle entered. The only instance shown in which those supposed to be connected with the company left the gate open was witnessed by one of the plaintiffs, and he testified that in that instance no cattle entered.

There is evidence that cattle entered through the gate and bars, but, in the light of the proof that the gate was used by the general public, it devolved on the plaintiffs to show through whose fault the entry occurred. The judgment in this respect is not sufficiently supported by the evidence.

It devolved on plaintiffs to show that they have suffered damage from some act of defendant. As owner of the right of way through the field, the company had the right to construct the road thereover, using care to protect the plaintiff's crops from the depredations of cattle. If the company discharged this duty it is acquitted, and the plaintiffs can not recover for the faults of others, and in no event except upon proof that the damage suffered was due to the fault of the company. The case should have been tried upon this theory.

Other errors are assigned, but we deem it unnecessary to notice them in detail. The questions presented by them are not likely to arise upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and Remanded.*